**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                          Chapter 12 Case

Richard R. Lahr                                 Case No. 21-60376

        Debtor.

## <u>ORDER</u>

This matter came before the Court on this 30th day of November 2021, as to the DEBTOR'S

MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL

[Doc. 8] (the "**Motion**") and the response and objection filed by Falcon National Bank, f/k/a State

Bank of Richmond [Doc. 10].  This Court having determined that the notice given of the Motion was

adequate and the parties having agreed that this Order may be entered pursuant to the

STIPULATION AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL [Doc. 15] (the

"**Stipul**ation"),  IT IS HEREBY ORDERED:

     1.     Debtor is hereby authorized to use cash collateral in accordance with the terms and

conditions of the Stipulation.

     2.     Falcon National Bank (the "**Lender**") shall have a lien, in the amount of the Cash

Collateral Use Amount (as defined in the Stipulation), to the same extent, validity and priority as its

pre-petition liens, upon all post-petition property of the Debtor, including, but not limited to any and

all accounts, cash, chattel paper, contract rights, depository accounts, documents, equipment, farm

products, fixtures, general intangibles (including, but not limited to patents and trademarks), goods,

instruments, inventory, investment property, instruments, intangibles, instruments, letter of credit

rights, real property, rent, supporting obligations, vehicles, and all proceeds and products thereof,

47894886v4

excluding all causes of action under Chapter 5 of Title 11 of the United States Code and any and all state-law causes of action recognized, permitted and/or incorporated therein. The replacement liens now or hereafter granted to any cash collateral creditor shall be deemed properly perfected without any further act or deed on the part of the Debtor or such creditor(s). This paragraph and the replacement lien granted under this paragraph shall survive the dismissal or conversion of the above captioned case.

3.      Nothing in this order makes a finding or determination as to 11 U.S.C. 506(b).

4.      Upon the occurrence of an Event of Default (as defined in the Stipulation) and the failure to cure the default within seven (7) business days of written notice by the Lender, the Lender may file an Affidavit of Default with the Court with a proposed stay relief order. The Debtor shall have three (3) business days to file a response to the Affidavit of Default. Failure to file a response with three (3) business days may entitle the Lender to stay relief without further notice or hearing.

**5.      The final hearing on the use of cash collateral will be held on January 25, 2022, at 10:30 a.m. in Courtroom 2, 2nd Floor, 204 Edward J. Devitt United States Courthouse and Federal Building, 118 South Mill Street, Fergus Falls, Minnesota.**

Dated :   *December 8, 2021*

*/e/ Michael E. Ridgway*
Michael E. Ridgway
Chief United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *12/08/2021*
Tricia Pepin, Clerk, by AM