| Information to identify the case: | | |
|---|---|---|
| Debtor 1: Richard Roman Lahr (First Name / Middle Name / Last Name) | Social Security number or ITIN: xxx–xx–7825<br>EIN: _ _–_ _ _ _ _ _ _ | |
| Debtor 2: (Spouse, if filing) (First Name / Middle Name / Last Name) | Social Security number or ITIN: _ _ _ _<br>EIN: _ _–_ _ _ _ _ _ _ | |
| United States Bankruptcy Court: District of Minnesota | Date case filed for chapter: 12  10/21/21 | |
| Case number: 21–60376 – MER | | |
| **You can receive** court notices and orders by **email** instead of U.S. Mail via these **two options**: | **For creditors:** Register for Electronic Bankruptcy Noticing at **ebn.uscourts.gov**. | **For debtors:** Register for Debtor Electronic Bankruptcy Noticing (DeBN) at **www.mnb.uscourts.gov/debn** |

## Official Form 309G (For Individuals or Joint Debtors)
### Notice of Chapter 12 Bankruptcy Case

10/20

**For the debtors listed above, a case has been filed under chapter 12 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, from the debtors' property, or from certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 12 plan may result in a discharge of debt. Creditors who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Richard Roman Lahr | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 25933 180th ST<br>Paynvesille, MN 56362 | |
| 4. | **Debtor's attorney**<br>Name and address | Sam Calvert<br>Sam V. Calvert PA<br>1011 2nd St N<br>Suite 107<br>St. Cloud, MN 56303 | Contact phone 320–252–4473<br>Email: calcloud@gmail.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Kyle Carlson<br>Chapter 13 Trustee<br>PO Box 519<br>Barnesville, MN 56514 | Contact phone: 218–354–7356<br>Email: info@carlsonch13mn.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 404 Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse<br>515 West First Street<br>Duluth, MN 55802 | Hours open: Monday – Friday 8:00AM to 4:30PM<br>Contact phone: (218) 529–3600<br>Web address: www.mnb.uscourts.gov<br>Date: 1/4/22 |

**For more information, see page 2 >**

| | | | |
|---|---|---|---|
| 7. | **Meeting of creditors** Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **February 14, 2022 at 09:10 AM** The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: **Video/teleconference *ONLY*, contact trustee for direction, see contact details above** |
| 8. | **Deadlines** The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:** You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6). | **Filing deadline: 4/15/22** |
| | | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 12/30/21** |
| | | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 4/19/22** |
| | | **Deadlines for filing proof of claim:** A proof of claim is a signed statement describing a creditor's claim. Proofs of claim can be filed electronically on the court's website: www.mnb.uscourts.gov. No login or password is required. Alternatively, a Proof of Claim form may be obtained at the same website or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed. Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing Deadline:** 30 days after the *conclusion* of the meeting of creditors |
| 9. | **Filing of plan** | The debtor has not filed a plan as of this date. A copy of the plan and a notice of the hearing on confirmation will be sent separately. | |
| 10. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 11. | **Filing a Chapter 12 bankruptcy case** | Chapter 12 allows family farmers and family fishermen to reorganize according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan. You may object to confirmation of the plan and attend the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business unless the court orders otherwise. | |
| 12. | **Discharge of debts** | Confirmation of a chapter 12 plan may result in a discharge of debts, which may include all or part of your debt. Unless the court orders otherwise, the discharge will not be effective until all payments under the plan are made. A discharge means that you may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt excepted under 11 U.S.C. § 523(a)(2), (4), or (6), you must start a judicial proceeding by filing a complaint and paying the filing fee in the clerk's office by the deadline. | |
| 13. | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. | |