## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  Chapter 12
  BKY 21-60376
Richard Roman Lahr,

      Debtor.

## TRUSTEE'S OBJECTION TO CHAPTER 12 PLAN

TO: All parties in interest pursuant to Local Rule 9013-3.

    1.    Kyle L. Carlson, Chapter 12 Trustee, responds and objects to the Chapter 12 plan filed in this case.

    2.    This objection arises under 11 U.S.C. §§ 1222 and 1225, Bankruptcy Rule 3015, Local Rule 3020-1.

    3.    The plan lists secured claims for Commodity Credit Corporation of $5,164 and $27,876.76 ($33,040.76 total), but does not specify whether the claim is being valued by the debtor under 11 U.S.C. § 506, or whether the secured claim amount in the filed proof of claim ($33,341.24) controls. Without that information, the Trustee cannot accurately administer these claims.

    4.    The Trustee objects to the removal of the value of the irrigators in this debtor's liquidation analysis on the basis that they will be sold as part of future land sale. The value of the irrigators must be factored into the hypothetical liquidation value of the estate under Chapter 7 to determine the minimum amount payable to unsecured creditors. *See* 11 U.S.C. § 1225(a)(4). Alternatively, the debtor's plan should specify that the irrigators will be sold either as part of the contemplated land sales or directly by the debtor, with any surplus above secured claims paid to the Trustee for distribution to unsecured creditors as an additional plan payment.

    5.    The liquidation analysis increases the secured claim of Falcon National Bank from $1,286,524.70 to $1,350,000 for estimated additional costs. Without further information to the $63,475.30 post-petition increase to Falcon's claim, the Trustee objects to the proposed liquidation analysis which artificially reduces the minimum amount payable to unsecured claimants. In addition, the debtor has excluded the entire value of his crops ($132,000) from his liquidation analysis. According to the debtor's testimony at the meeting of creditors, those crops have been liquidated and all proceeds turned over to Falcon National Bank. However, it is unclear whether the balance owing to Falcon National Bank in the debtor's liquidation analysis reflects the application of the crop proceeds. Without further information, the Trustee objects to the proposed liquidation analysis. *See id.*

    6.    According to the debtor's testimony at the meeting of creditors, the debtor's

1

valuation of his 2011 Timpte trailer at $1,000 is significantly below market value. In addition, the debtor did not include in his schedules a number of assets, including a grain dryer, 2005 Volvo semi, disc, auger, and soybean head. The debtor's schedules should be amended to disclose all of his interests in property as of the commencement of the case. *See* 11 U.S.C. § 541(a); Fed. R. Bankr. P. 1007(b)(1)(A); *In re Soost*, 290 B.R. 116 (Bankr. Minn. 2003) ("[f]ull and accurate disclosure on bankruptcy schedules is incumbent on any debtor).

7. The Trustee has requested monthly operating reports and corresponding bank statements. The Trustee has not received that information in full and as a result the Trustee has been unable to determine if the plan is feasible, satisfies the disposable income test, and otherwise complies with all applicable provisions of the Code. In addition, the Trustee has been unable to adequately monitor the debtor's farming operation. This failure is grounds for denial of the plan and dismissal of the case. *See In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (a Trustee's inability to effectively administer the estate due to a debtor's lack of cooperation constitutes "cause" for dismissal).

WHEREFORE, the Trustee requests that the Court enter an order denying confirmation of the debtor's Chapter 12 plan, and such other relief as may be just and equitable.

Dated: March 17, 2022

/e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

**VERIFICATION**

I, Kyle L. Carlson, Chapter 12 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 17, 2022

/e/ Kyle L. Carlson
Kyle L. Carlson, Trustee

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| In re: | Chapter 12 |
| --- | --- |
| | BKY 21-60376 |
| Richard Roman Lahr, | |
| Debtor. | |

## MEMORANDUM

### I. FACTS

The facts supporting the objection are set forth in the attached verified objection. In addition, the Trustee also relies on the representations made by the debtor at the 341 meeting of creditors and in the debtor's filed schedules.

### II. LEGAL DISCUSSION

#### 1. Burden

The Chapter 12 debtor bears the burden of proving that the proposed plan satisfies all of the criteria for confirmation. *See Haden v. Pelofsky*, 212 F. 3rd 466 (8th Cir. 2000).

#### 1. Best Interest of Creditors Test

A condition required for plan confirmation is satisfaction of the best interest of creditors test, which requires that:

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date...

11 U.S.C. § 1225(a)(4). Here, the debtor's liquidation analysis increases the secured claim of Falcon National Bank from $1,286,524.70 to $1,350,000 for "estimated additional costs." Without further information to support the $63,475.30 post-petition increase to Falcon's claim, the Trustee objects to the proposed liquidation analysis which artificially reduces the minimum amount payable to unsecured claimants. In addition, the debtor has excluded the entire value of his crops ($132,000) from his liquidation analysis. According to the debtor's testimony at the meeting of creditors, those crops have been liquidated and all proceeds turned over to Falcon National Bank. However, it is unclear whether the balance owing to Falcon National Bank in the debtor's liquidation analysis reflects the application of the crop proceeds. Without further information, the Trustee objects to the proposed liquidation analysis and contends that the debtor has not satisfied his burden of establishing that the plan satisfies the best interest of creditors test.

3

### III. CONCLUSION

Based on the foregoing, the Trustee believes the plan does not satisfy the requirements of Section 1225 and should be denied.

Dated: March 17, 2022    /e/ Kyle L. Carlson  
Kyle L. Carlson  
Chapter 12 & 13 Trustee  
PO Box 519  
Barnesville, MN 56514

### VERIFICATION

I, Kyle L. Carlson, Chapter 12 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: March 17, 2022    /e/ Kyle L. Carlson  
Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                                                      Chapter 12
                                                                                                              BKY 21-60376

Richard Roman Lahr,

       Debtor.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

      The undersigned, being an employee of the standing Chapter 12 Trustee, declares that on the date indicated below, I served the attached objection to Chapter 12 plan upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

      Richard Roman Lahr
      25933 180th ST
      Paynesville, MN 56362

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: March 17, 2022

                                                                              <u>/e/ Patty Halverson</u>
                                                                              Patty Halverson
                                                                              Chapter 12 Office

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:	Chapter 12
	BKY 21-60376

Richard Roman Lahr,

     Debtor.

## ORDER

This case is before the Court for confirmation hearing on the Chapter 12 plan of Richard Roman Lahr.

    IT IS ORDERED:

Confirmation of the debtor's Chapter 12 plan is DENIED.


Dated:

                                              _____
                                              Michael E. Ridgway
                                              Chief United States Bankruptcy Judge