**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 12 |
| | BKY 21-60376 |
| Richard Roman Lahr, | |
| Debtor. | |

**TRUSTEE'S OBJECTION TO MOTION FOR AUTHORITY TO LEASE PROPERTY**

TO: All parties in interest.

    1.    Kyle L. Carlson, Chapter 12 Trustee, responds and objects to the motion to sell filed in this case.

    2.    This objection arises under 11 U.S.C. §§ 363 & 1206, and Bankruptcy Rule 6004.

    3.    The debtor proposes to lease his farmland to a relative for $200 per acre. However, neither the motion, memo, or affidavit of the debtor provide information for the Trustee or Court to assess whether the transaction is fair and reasonable, that maximum value is being recovered, and that the decision to lease is made on an informed basis, in good faith, and in the honest belief that the lease is in the estate's best interest.

    WHEREFORE, the Trustee requests that the Court enter an order denying the motion to sell, and such other relief as may be just and equitable.

Dated: 4-19-22

    /e/ Kyle L. Carlson
    Kyle L. Carlson
    Chapter 12 Trustee
    PO Box 519
    Barnesville, MN  56514
    218-354-7356

**VERIFICATION**

I, Kyle L. Carlson, Chapter 12 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 4-19-22

    /e/ Kyle L. Carlson
    Kyle L. Carlson, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  
Richard Roman Lahr,

    Debtor.

Chapter 12  
BKY 21-60376

**MEMORANDUM**

## I. FACTS

The facts supporting the objection are set forth in the attached verified response. In addition, the Trustee also relies on the representations made by the debtor at the 341 meeting of creditors and in the debtor's filed schedules.

## II. LEGAL DISCUSSION

### a. Business Judgment Requirement

Before leasing any property of the estate outside of the ordinary course of business, a debtor first must obtain leave of the Court, giving notice to all proper parties. 11 U.S.C. § 363(b); *see also* Fed. R. Bankr. P. 2002 and 6004. In this case, the debtor seeks permission to lease farmland to a relative pursuant to Section 363(b). Section 363(b) permits the lease of property of the estate other than in the ordinary course of business. To gain court approval of a lease pursuant to Section 363(b), a debtor must demonstrate that a sound business reason exists for the lease, and that the lease is made in compliance with the business judgment rule. *In re Asarco, L.L.C.,* 650 F.3d 593, 601 (5th Cir. 2011) (providing that section 363 of the Bankruptcy Code authorizes the use, sale, or lease of estate property subject to a business judgment standard); *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir.1986) (The debtor-in-possession must also "satisfy [his] fiduciary duty to the debtor, creditors and equity holders, [by articulating some] business justification for using, selling, or leasing the property outside the ordinary course of business."). The Court must scrutinize the proposed transaction to ensure that the transaction is fair and reasonable, that the maximum value is being recovered, and that "the decision to sell is made on an informed basis, in good faith, and in the honest belief that the sale is in the estate's best interest." *In re Shipman*, 344 B.R. 493, 495 (Bankr. N.D. W. Va. 2006).

The debtor has not demonstrated that the lease of farmland for $200 per acre to a relative is in the best interests of his creditors and the bankruptcy estate. *See Baker Botts L.L.P. v ASARCO LLC*, 576 US 121, 124 (2015) (noting that a debtor in possession "administer[s] the bankruptcy estate as a fiduciary for the estate's creditors."); *In re Erickson*, 183 B.R. 189 (Bankr. Minn. 1995) ("As a fiduciary, the debtor in possession may not self-deal in the subject matter of the trust; it is legally chargeable with acting to preserve and enhance the estate's value so

creditors' returns will be maximized.") (citations omitted). In this case, the debtor's motion does not set forth adequate facts and reasoning to support a conclusion that the transaction is fair and reasonable, or that the debtor is receiving maximum value. For that reason, the motion should be denied.

### b. Notice Requirements

Federal Rule of Bankruptcy Procedure 6004(a) requires that "[n]otice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k) and, if applicable, in accordance with §363(b)(2) of the Code."

Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(2), all creditors are entitled to notice by mail of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice."

Local Rule 6004-1(e) further specifies that "Local Rules 2002-1 and 2002-4(a) govern notice to creditors" for any proposed sale or other disposition of property of the estate. Subject to exceptions not applicable here, Local Rule 2002-1 requires all notices under Federal Rule of Bankruptcy Procedure 2002 in a chapter 7, 12 or 13 case be given to each entity listed in the creditor matrix. The debtors, as movants, are required to provide and file proof of such notice. Local Rule 2002-4(a).

Here, the debtor has only sent notice of the motion to a portion of the creditors listed in the matrix. In addition, the debtor did not serve the moving documents on the United States Attorney for the District of Minnesota. Such service is required under Local Rule 9013-3(a)(1).

Dated: 4-19-22 /e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 Trustee
PO Box 519
Barnesville, MN 56514

### VERIFICATION

I, Kyle L. Carlson, Chapter 12 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 4-19-22 /e/ Kyle L. Carlson
Kyle L. Carlson, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          Chapter 12
                                                              BKY 21-60376

Richard Roman Lahr,

       Debtor.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

       The undersigned, being an employee of the Chapter 12 Trustee, declares that on the date indicated below, I served the attached response upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

       Richard Roman Lahr
       25933 180th ST
       Paynesville, MN 56362

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 4-19-22

                                                               /e/ Patty Halverson
                                                               Patty Halverson
                                                               Chapter 12 Office

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 12 |
| | BKY 21-60376 |
| Richard Roman Lahr, | |
|     Debtor. | |

## ORDER

This case is before the Court on the debtor's motion to sell.

    IT IS ORDERED:

The debtor's motion is denied.


Dated:

    _____

    Michael E. Ridgway
    Chief United States Bankruptcy Judge